**Electronically Filed
Supreme Court
SCWC-16-0000351
13-DEC-2019
08:05 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---oOo---

_____

JOHN DOE, Petitioner/Appellant-Appellant,

vs.

ATTORNEY GENERAL, CLARE E. CONNORS,
Respondent/Appellee-Appellee.

_____

SCWC-16-0000351

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000351; CIV. NO. 15-1-2158)

DECEMBER 13, 2019

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY McKENNA, J.

## I.    Introduction

This is the second appeal arising out of a 2013 request for a declaratory ruling by a pro se litigant, a registered sex offender in the State of Washington, as to whether he is required to register as a sex offender in Hawai'i before visiting Hawai'i with his family for more than ten days.  Hawai'i Revised Statutes ("HRS") § 846E-2(a) (2014) provides that "registration

under this subsection is required whenever the covered offender,
whether or not a resident of this State, remains in this State
for more than ten days or for an aggregate period exceeding
thirty days in one calendar year."   The Department of the
Attorney General ("AG") issued an October 15, 2015 ruling[1] that
Doe was required to register in Hawai'i because his out-of-state
conviction of two counts of "Communication with minor for
immoral purposes," Wash. Rev. Code Ann. ("RCW") § 9.68A.090
(West 2010) ("the Washington offense"), a gross misdemeanour
under Washington law, qualifies as a sexual offense under Hawai'i
law.

In its May 20, 2019 summary disposition order ("SDO"), the
Intermediate Court of Appeals ("ICA") affirmed the Circuit Court
of the First Circuit's ("circuit court['s]") April 7, 2016 final

---

[1]     In Doe v. Attorney General, 135 Hawai'i 390, 351 P.3d 1156 (2015) ("Doe
I"), we remanded the case to the AG, and the AG subsequently issued its
October 15, 2015 ruling, which is the subject of this appeal.

In Doe I, Doe appealed the Circuit Court of the First Circuit's
("circuit court['s]") dismissal for lack of jurisdiction of his appeal of the
AG's initial response to his inquiry regarding sex offender registration
requirements.  That response stated Doe would be required to register as a
sex offender in Hawai'i before the AG could determine whether Doe's offense is
a covered offense under Hawai'i law, thereby requiring him to register as a
sex offender.  We concluded that the circuit court had jurisdiction to hear
Doe's appeal, and that Hawai'i's statutory scheme governing sex offender
registration did not require an individual to "register" before the AG could
determine whether registration was actually required under HRS § 846E-2(a).
See 135 Hawai'i at 404, 351 P.3d at 1170 ("[T]he sex offender registration
scheme relies heavily on self-reporting.  Requiring Group 2 offenders [i.e.,
offenders who do not establish or maintain a residence in Hawai'i but who wish
to visit Hawai'i for more than ten days or for an aggregate period greater
than thirty days in a calendar year] to register before they can determine
whether an out-of-state offense is a 'covered offense' in Hawai'i effectively
deters voluntary self-reporting." (footnote omitted)).

judgment, which was entered pursuant to the April 6, 2016 "Order Dismissing Notice of Appeal to Circuit Court Filed November 10, 2015" of Doe's appeal from the AG's ruling. Doe's application for a writ of certiorari ("Application") presents the following questions:

> 1. Was the ICA's ruling in conflict with this Court's ruling in State v. Chun, 102 Haw. 383 [sic], 102 Hawai'i 383, 76 P.3d 935, going past the elements of the offense in determining that [Doe's] conviction was a sex offense in Hawaii?
>
> 2. Was the ICA's broad interpretation of "solicitation" and equating it to the element of [Doe's] foreign conviction of "communicate" (as used in RCW [§] 9.68A.090) in error?
>
> 3. Must an out-of-state conviction be an actual offense in the State of Hawaii before triggering a requirement to register in the state of Hawaii? Does legislative intent and a plain reading of HRS [§] 846E-2(b) require the out-of-state conviction to be an actual offense in this state before triggering a requirement to register?
>
> 4. Must the review of an out-of-state offense trigger a requirement to register in Hawaii be narrowly interpreted under the rule of lenity, as are all criminal statutes, given that an element of failure to register is that the offender must be convicted of a sexual offense as defined under HRS [§] 846E-1?

For the following reasons, the record does not support the AG's ruling, and the ICA erred in affirming the circuit court's dismissal of Doe's agency appeal. We therefore reverse the ICA's July 2, 2019 judgment on appeal as well as the circuit court's April 7, 2016 final judgment.

## II.  Background

### A.  Factual Background

In 2011, Doe pled guilty to two counts of the gross misdemeanor, "Communication with minor for immoral purposes," RCW § 9.68A.090.  Doe stated the following facts in his plea agreement: "During the period between October 1, 2009 and October 31, 2009, on two separate occasions, I communicated with [omitted initials and birthdate of minor], a person under 18 years of age, for an immoral purpose of a sexual nature.  This occurred in King County Washington."  Doe was sentenced to twenty-four months of probation and due to the conviction, Doe has been a registered sex offender in the State of Washington, and must continue to be registered until 2021 under RCW § 9A.44.140(3) (West 2009, Supp. 2015).

As Doe was "[p]resently . . . not a resident of Hawaii, . . . but [he and his family[2]] [we]re making plans for an extended visit to the islands and likely to exceed the 10 day grace period," Doe wrote to then-Attorney General David Louie by letter dated March 24, 2013 petitioning for a "formal determination" that he not be required to register as a sex offender in Hawai'i.  With his letter, Doe included several State of Washington court documents related to his conviction, and

---

[2]     Doe uses the pronoun, "we," in his letter, but does not define it. Based on other documents in the record, it appears "we" refers to him and his family.

indicated that if further information was required, to please contact him.

After this court remanded the matter to the AG following Doe I, see supra note 1, the administrator of the Hawaiʻi Criminal Justice Data Center ("HCJDC") issued a letter dated October 15, 2015 on behalf of then-Attorney General Douglas S. Chin,[3] determining that "based solely upon the attached request and certified court documents provided to our office":

> Your conviction in the State of Washington of two counts of "Communication with a Minor for an Immoral Purpose" is a "sexual offense" as defined under section 846E-1, HRS, because you committed acts that consisted of "criminal sexual conduct toward a minor" and/or "solicitation of a minor who is less than fourteen years old to engage in sexual conduct." As a person who was convicted of a "sexual offense," you are considered a "sex offender" and are, therefore, a "covered offender" who is required to register with the attorney general under section 846E-2, HRS.

The letter also indicated: "Registration information will not be available to the public pursuant to section 846E-3(h), HRS."

## B.    Circuit Court Proceedings

On November 10, 2015, Doe filed a Notice of Appeal to the circuit court[4] "from the decision of the Attorney General dated October 15, 2015, and received October 20, 2015, determining that Appellant's Washington State misdemeanor conviction in

---

[3]     Under Hawaiʻi Rules of Appellate Procedure Rule 43(c), a public officer named in a case is automatically substituted by the officer's successor when the holder of the office ceases to hold office on appeal. Accordingly, Attorney General Clare E. Connors has been substituted for former Attorney General Douglas S. Chin.

[4]     The Honorable Rhonda A. Nishimura presided.

violation of RCW [§] 9.68A.090 was a 'covered offense' under HRS [§] 846E-1."

In his opening brief before the circuit court, Doe primarily argued that "[o]nly those offenders convicted of an out-of-state offense that would be a sexual offense in Hawai'i would be required to register," meaning that "the elements of the out-of-state offense must include all the elements of the Hawai'i statute." Doe pointed out that the letter "failed to state what Hawai'i criminal offense for which [Doe]'s out-of-state conviction was equivalent to, or make an element comparison to a Hawai'i criminal offense demonstrating the Washington offense was equivalent to a Hawai'i statute." Doe also asserted that in any event, "solicitation" is not an element of the Washington offense and that the Washington offense does not address "physical contact" and "therefore the [Washington] offense cannot categorically be considered an offense consisting of 'criminal sexual conduct toward a minor' under Hawai'i law." Additionally, Doe asserted that "RCW [§] 9.68A.090 does not require any specific criminal sexual misconduct to be committed toward a minor, but broadly criminalizes any communications of a sexual nature that could lead to criminal sexual conduct under Washington law." Doe also presented case law from other states with registration laws regarding out-of-state offenders, such as Alaska, demonstrating

an element-by-element analytical approach. Notably, Doe had requested a similar declaratory judgment from the State of Alaska, Department of Public Safety, and a court had found that Doe "is not required to register as a sex offender in Alaska" because "communicating with a minor for immoral purposes" was not similar to "attempted sexual abuse of a minor in the second degree" under Alaska law.

The AG argued in response that the HCJDC correctly concluded Doe was required to register as a sex offender. It pointed out that in State v. McNallie, 846 P.2d 1358, 1364 (Wash. 1993), RCW § 9.68A.001 "'prohibits communication with children for the predatory purpose of promoting their exposure to and involvement in sexual misconduct,'" that "'[i]mmoral purposes' in the Washington statute means 'immoral purposes of a sexual nature,'" and that therefore Doe's "acts that resulted in his conviction in Washington State consisted of 'criminal sexual conduct toward a minor' and/or 'solicitation of a minor who is less than fourteen years old to engage in sexual conduct.'"

In reply, Doe reiterated his opening brief statement that "[i]f this court were to require the Appellant to register for an out-of-state conviction that does not rise to the level of a crime in Hawai'i, it . . . punishes the Appellant for conduct that, if committed in Hawai'i, would not be a crime." Further, Doe argued that although "criminal sexual conduct toward a

minor" and "solicitation of a minor . . . to engage in sexual conduct" may be elements of certain Hawaiʻi criminal offenses, "they themselves are not criminal offenses and are not separately listed in the criminal code."

On February 12, 2016, the same day Doe filed his reply brief, he also filed a "Motion for Judgment on the Pleadings," asking that oral arguments not be scheduled. On February 17, 2016, the circuit court nevertheless set Doe's appeal for a hearing on March 18, 2016. The AG took no position on Doe's request, but did not file such notice until March 4, 2016. A hearing was held on March 18, 2016 as scheduled, at which Doe represented himself.

At the hearing, Doe again argued that the elements of the respective state offenses needed to be analyzed, but the AG disagreed. The AG explained its position:

> We believe that the statutes are clear the registration requirement under 846E-2(a), from there, you know, it takes us clearly to the Definition section. And under the Definition section, the sexual offenses has a list of seven, but there is an "or" on 6, which means that any of the seven could apply. And we strongly believe that 3(a) and (b) both could apply to this situation. The words do not match up exactly, you know, between our requirement and the Washington offense, but we don't believe it needs to be like that.

Specifically, the AG asserted that "Communication with a Minor for an Immoral Purpose . . . would match up with the Solicitation to Engage in Sexual Conduct with a Minor Who is Less Than 14 Years Old." Doe responded that although

solicitation is a subset of communication, "you could also communicate that's not a solicitation."

After hearing the arguments, the circuit court issued its ruling, which held the AG did not err:

> What the Court is guided by is by HRS Section 846E-2, comparing that with the Washington statute 9.68A.090 and looking at the definition of sexual offense under HRS Section 846E. So comparing everything amongst -- with each other, whether it's internally or in comparison between the two, the Court cannot say that there was an error of law by the AG or that they violated the statute in so interpreting and in comparing the Hawaiʻi statute with the Washington statute to require that [Doe] needs to register.
>
> So the Court will dismiss the appeal and affirm the AG's decision with respect to the declaratory ruling.

The circuit court issued its "Order Dismissing Notice of Appeal to Circuit Court Filed November 10, 2015" on April 6, 2016. Final judgment was entered on April 7, 2016.

## B.    Appeal to the ICA

Doe filed a Notice of Appeal to the ICA. After receiving written briefs substantively similar to those submitted to the circuit court, the ICA affirmed the circuit court's final judgment. See Doe v. Attorney General, CAAP-16-0000351, at 7 (App. May 20, 2019) (SDO).

The ICA rejected Doe's focus on the elements of a sexual offenses in Hawaiʻi, and concluded that Doe's Washington offense was a "sexual offense" as defined in HRS § 846E-1, which did not need to "match up exactly" to a Hawaiʻi Penal Code provision. Id. As the definition of "sexual offense" consists of seven

9

relevant paragraphs, where the seventh refers to "[a]ny . . . out-of-state . . . conviction for any offense that under the laws of this State would be a sexual offense as defined in paragraphs (1) through (6)," HRS § 846E-1, the ICA's analysis focused on paragraph 3(B), which defined "sexual offense" as "[a]n act that consists of . . . [s]olicitation of a minor who is less than fourteen years old to engage in sexual conduct." See Doe, SDO at 6-7. The ICA applied the dictionary definition of "solicitation,"[5] as that term is not defined in HRS Chapter 846E or the Penal Code, and was "convinced that the use of the word . . . was meant in the more general sense," and therefore "agree[d] with the AG's determination that communicating with an

---

[5]    The ICA cited to https://www.merriam-webster.com/dictionary/solicitation for the definition of "solicitation": "1: the practice or act or an instance of soliciting[,] especially : ENTREATY, IMPORTUNITY[;] 2: a moving or drawing force : INCITEMENT, ALLUREMENT." Doe, SDO at 4—5 n.7.

The ICA then cited to https://www.merriam-webster.com/dictionary/solicit for the definition of "solicit":

transitive verb

1    a    : to make petition to : ENTREAT
     b    : to approach with a request or plea . . .
2    : to urge (something, such as one's cause) strongly
3    a    : to entice or lure especially into evil
     b    : to proposition (someone) especially as or in
          the character of a prostitute
4    : to try to obtain by usually urgent requests or
     pleas . . .

intransitive verb

1    : to make solicitation : IMPORTUNE
2    of a prostitute : to offer to have sexual relations
     with someone for money[.]

Doe, SDO at 5 n.7.

eleven-year-old for an immoral purpose of a sexual nature falls within the plain language of the sexual offense definition in HRS § 846E-1." See id. The ICA stated it was not necessary for it to address whether Doe's Washington conviction was a "sexual offense" under paragraph 3(A), "[c]riminal sexual conduct toward a minor." See Doe, SDO at 7 n.8.

## C.  Application for Writ of Certiorari

In his Application, Doe presents the following questions:

> 1.  Was the ICA's ruling in conflict with this Court's ruling in State v. Chun, 102 Haw. 383 [sic], 102 Hawai'i 383, 76 P.3d 935, going past the elements of the offense in determining that [Doe's] conviction was a sex offense in Hawai'i?
>
> 2.  Was the ICA's broad interpretation of "solicitation" and equating it to the element of [Doe's] foreign conviction of "communicate" (as used in RCW [§] 9.68A.090) in error?
>
> 3.  Must an out-of-state conviction be an actual offense in the State of Hawai'i before triggering a requirement to register in the state of Hawai'i? Does legislative intent and a plain reading of HRS [§] 846E-2(b) require the out-of-state conviction to be an actual offense in this state before triggering a requirement to register?
>
> 4.  Must the review of an out-of-state offense trigger a requirement to register in Hawai'i be narrowly interpreted under the rule of lenity, as are all criminal statutes, given that an element of failure to register is that the offender must be convicted of a sexual offense as defined under HRS [§] 846E-l?

In sum, Doe argues: (1) an "elemental comparison" between the Washington offense and a specific Hawai'i offense is required for Doe to be considered a "sex offender," (2) the ICA abused its discretion when it used "solicitation" interchangeably with "communication," and (3) because the failure of a covered

offender to comply with Hawai'i's registration scheme is a crime pursuant to HRS § 846E-9(c) (2014), whether a person is a "covered offender" is therefore an element of a criminal statute, which should be construed in accordance with the rule of lenity requiring any statutory ambiguity to be construed in favor of the defendant, i.e., Doe.

The AG responds that, at bottom, Doe's Washington offense was a "sexual offense" under paragraph 3(B) of the HRS § 846E-1 definition of "sexual offense" for the reasons stated by the ICA. As such, the AG argues, "Doe cannot sidestep the dispositive issue and analysis described above, simply by arguing that the specific Washington statutory sex offense for which he was convicted has no precise Hawai'i analogue." Moreover, according to the AG, because RCW § 9.68A.090 has been interpreted to prohibit the "communication with children for the predatory purpose of promoting their exposure and involvement in sexual misconduct," the AG argues Doe, "through his communicative actions[,] . . . effectively solicited a minor who was less than fourteen years old to engage in sexual conduct." Thus, the AG argues the ICA did not err when it compared "solicitation" with "communication." Lastly, the AG asserts the ICA's SDO is not in conflict with the rule of lenity because that interpretative "rule" applies to criminal statutes, not civil ones, such as Hawai'i's registration scheme.

12

## III. Standards of Review

### A.    Administrative Agency Appeals

> Ordinarily, deference will be given to decisions of administrative agencies acting within the realm of their expertise.  The rule of judicial deference, however, does not apply when the agency's reading of the statute contravenes the legislature's manifest purpose. Consequently, we have not hesitated to reject an incorrect or unreasonable statutory construction advanced by the agency entrusted with the statute's implementation.

Coon v. City & Cty. of Honolulu, 98 Hawai'i 233, 245, 47 P.3d 348, 360 (2002) (citations and brackets omitted).

### B.    Interpretation of a Statute

"Interpretation of a statute is a question of law which [is] review[ed] de novo."  Kikuchi v. Brown, 110 Hawai'i 204, 207, 130 P.3d 1069, 1072 (App. 2006) (internal quotation marks and citation omitted).

## IV.  Discussion

### A.    Overview of Hawai'i's Sex Offender Registration Scheme as to Out-of-State Offenders Who Wish to be Present in Hawai'i for More than Ten Days or for an Aggregate Period Exceeding Thirty Days in One Calendar Year

Persons who commit sexual offenses out-of-state and are subject to the registration requirements of the jurisdiction in which those crimes were committed ("out-of-state offenders"), who also wish to be present in Hawai'i for more than ten days or for an aggregate period exceeding thirty days in one calendar year, must register in Hawai'i if they are "covered offenders."

> A covered offender shall register with the attorney general and comply with the provisions of this chapter for life or

> for a shorter period of time as provided in this chapter. Registration under this subsection is required whenever the covered offender, whether or not a resident of this State, remains in this State for more than ten days or for an aggregate period exceeding thirty days in one calendar year.  A covered offender shall be eligible to petition the court in a civil proceeding for an order that the covered offender's registration requirements under this chapter be terminated, as provided in section 846E-10.

HRS § 846E-2(a) (2014) (emphasis added).  A "covered offender" is a "sex offender" or an "offender against minors."[6]  HRS § 846E-1.  A "sex offender" is a "person who is or has been convicted at any time . . . of a 'sexual offense.'"  Id. Hawai'i's registration scheme defines "sexual offense" as:

> "Sexual offense" means an offense that is:
>
> (1)  Set forth in section 707-730(1), 707-731(1), 707-732(1), 707-733(1)(a), 707-733.6, 712-1202(1), or 712-1203(1), but excludes conduct that is criminal only because of the age of the victim, as provided in section 707-730(1)(b), or section 707-732(1)(b) if the perpetrator is under the age of eighteen;
>
> (2)  An act defined in section 707-720 if the charging document for the offense for which there has been a conviction alleged intent to subject the victim to a sexual offense;
>
> (3)  An act that consists of:
>
> (A)  Criminal sexual conduct toward a minor, including but not limited to an offense set forth in section 707-759;
>
> (B)  Solicitation of a minor who is less than fourteen years old to engage in sexual conduct;
>
> (C)  Use of a minor in a sexual performance;
>
> (D)  Production, distribution, or possession of child pornography chargeable as a felony under section 707-750, 707-751, or 707-752;

---

[6]  Because an "offender against minors" means a person who is not a "sex offender," this portion of the definition of "covered offender" is not at issue in this appeal, and therefore is not further discussed.

(E)  Electronic enticement of a child chargeable under section 707-756 or 707-757 if the offense was committed with the intent to promote or facilitate the commission of another covered offense as defined in this section; or

(F)  Solicitation of a minor for prostitution in violation of section 712-1209.1;

(4)  A violation of privacy under section 711-1110.9;

(5)  An act, as described in chapter 705, that is an attempt, criminal solicitation, or criminal conspiracy to commit one of the offenses designated in paragraphs (1) through (4);

(6)  A criminal offense that is comparable to or that exceeds a sexual offense as defined in paragraphs (1) through (5);

(7)  Any federal, military, out-of-state, tribal, or foreign conviction for any offense that under the laws of this State would be a sexual offense as defined in paragraphs (1) through (6).

HRS § 846E-1 (definition of "sexual offense").  Thus, whether Doe is required to register as a sex offender in Hawai'i before visiting Hawai'i hinges on whether the offense for which he was convicted would be a sexual offense as defined by HRS § 846E-1.

The AG's ruling was based on an interpretation that Doe's offense was a "sexual offense" under paragraphs 3 (A) and (B) above.  We therefore analyze both provisions.

**B.  The ICA Erred in Affirming the Circuit Court's Decision on the Grounds That Doe's Offense "Would Be" a "Sexual Offense" under Paragraph 3(B) of HRS § 846E-1's Definition of "Sexual Offense"**

As a preliminary matter, in referring to "[a]ny . . . out-of-state . . . conviction <u>for any offense</u> that under the laws of this State would be a sexual offense," paragraph 7 contemplates that Hawai'i law is to be applied to the underlying act or acts

15

constituting the offense (as opposed to merely the statute violated) to determine whether the offense "would be" a "sexual offense" as defined in HRS § 846E-1.  Additionally, as noted by the ICA, paragraph 3 refers to an "act that consists of" (and therefore not limited to) any enumerated acts in paragraphs 3(A) through 3(F).  See Doe, SDO at 6.  Thus, the ICA correctly interpreted Hawai'i's registration scheme to require that Doe's offense meet the definition of "sexual offense" in HRS § 846E-1, and that the offense need not "match up" to each of the elements of a particular crime in the Hawai'i Penal Code.

The record of Doe's offense is sparse and limited to the following: "During the period between October 1, 2009 and October 31, 2009, on two separate occasions, I communicated with [omitted initials and birthdate of minor], a person under 18 years of age, for an immoral purpose of a sexual nature.  This occurred in King County Washington."  The AG argued, and the ICA agreed, that this offense "consist[ed] of" "[s]olicitation of a minor who is less than fourteen years old to engage in sexual conduct," an act enumerated in paragraph 3(B) of the definition of "sexual offense."  Doe, SDO at 6.  In this regard, the ICA erred.

It is uncontested that the minor with whom Doe communicated on two separate occasions was less than fourteen years old at the time the acts were committed.  What is disputed is whether

16

Doe's "communicat[ion] . . . for an immoral purpose of a sexual nature" amounts to "[s]olicitation of a minor . . . to engage in sexual conduct."

Although Doe correctly points out that "solicitation" is a "subset" of "communication," and therefore not all "communication" amounts to "solicitation," that analysis is incomplete because Doe's "communication" is modified by the prepositional phrase, "<u>for</u> an immoral purpose of a sexual nature." (Emphasis added.) Even so, nothing in the prepositional phrase indicates that the "communicat[ion] . . . for an immoral purpose of a sexual nature" was to "solicit" the minor to "engage in sexual conduct." In other words, a "communication" for "an immoral purpose" could exist without a "solicitation" "to engage in sexual conduct."

In sum, although "[s]olicitation of a minor . . . to engage in sexual conduct" may be one possible "communicat[ion] . . . for an immoral purpose of a sexual nature," because the record is bare as to the substance of Doe's communication, nothing in the record indicates Doe's underlying offense consisted of solicitation of a minor to engage in sexual conduct. Accordingly, the AG incorrectly concluded that Doe's out-of-state offense "would be" a "sexual offense" under paragraph 3(B), and therefore the ICA erred in affirming the circuit court's decision on those grounds.

**C.      The Record Also Does Not Demonstrate Doe's Offense "Would Be" a "Sexual Offense" under Paragraph 3(A) of HRS § 846E-1's Definition of "Sexual Offense"**

The ICA declined to address whether Doe's offense "would be" a "sexual offense" under paragraph 3(A) of HRS § 846E-1's definition of "sexual offense," "[a]n act that consists of . . . [c]riminal sexual conduct toward a minor, including but not limited to an offense set forth in section 707-759."  See Doe, SDO at 7 n.8.  However, as this is a question of law, and as it was appropriately raised below, we address it briefly now.

As Doe's underlying offense does not implicate HRS § 707-759 (2014), "Indecent electronic display to a child,"[7] the following analysis focuses on paragraph 3(A)'s reference to "criminal sexual conduct toward a minor." (Emphasis added.)  By

---

[7]      **Indecent electronic display to a child.**  (1)  Any person who intentionally masturbates or intentionally exposes the genitals in a lewd or lascivious manner live over a computer online service, internet service, or local bulletin board service and who knows or should know or has reason to believe that the transmission is viewed on a computer or other electronic device by:

        (a)  A minor known by the person to be under the age of eighteen years;

        (b)  Another person, in reckless disregard of the risk that the other person is under the age of eighteen years, and the other person is under the age of eighteen years; or

        (c)  Another person who represents that person to be under the age of eighteen years, is guilty of indecent electronic display to a child.

        (2)  Indecent electronic display to a child is a misdemeanor.

HRS § 707-759.

18

the statute's plain meaning, the conduct must amount to a crime under Hawai'i law, i.e., violate the Penal Code.  See also HRS § 846E-1 (defining "crime against minors," in part, as "a criminal offense").  Here, the AG, in its October 15, 2015 decision, did not identify what statute, if any, Doe would have violated by his offense, nor did the AG identify any in its briefing before the circuit court, ICA, or in response to Doe's Application. Indeed, the AG could not compare Doe's offense to HRS § 707-759, or for that matter, to other similar statutes such as HRS § 707-756 (2014), "Electronic enticement of a child in the first degree," or HRS § 707-757 (2014), "Electronic enticement of a child in the second degree," because the record is bare as to the substance and medium of Doe's communication.

## V. Conclusion

For the foregoing reasons, the record does not support the AG's decision, and the ICA therefore erred in affirming the circuit court's dismissal of Doe's agency appeal.  Accordingly, we reverse the ICA's July 2, 2019 judgment on appeal as well as the circuit court's April 7, 2016 final judgment.

| | |
|---|---|
| John Doe, petitioner pro se | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Kimberly T. Guidry, for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |



19